20-3535-cv
*Zenie v. College Of Mount Saint Vincent*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges.*

---

ROBERT DEAN ZENIE,

   *Plaintiff-Appellant,*         20-3535-cv

    v.

COLLEGE OF MOUNT SAINT VINCENT AND BARIMA YEBOAH,

   *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:    KATHLEEN A. DALY, The Law Office of Kathleen A. Daly, P.A., New York, NY.

FOR DEFENDANTS-APPELLEES:    JESSICA C. MOLLER, Bond, Schoeneck & King, PLLC, Garden City, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Robert Dean Zenie was the Head Wrestling Coach and Assistant Athletic Director of Athletics for Facilities and Operations at the College of Mount Saint Vincent (the "College"). He alleges that the College and Barima Yeboah, the College's Athletic Director (together, "Defendants"), denied him a promotion, forced him to resign, and retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA"). The District Court granted Defendants' motion for summary judgment. Zenie appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo . . . a district court's grant of summary judgment." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (citation and internal quotation marks omitted). "Summary judgment is proper only where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). Accordingly, we "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *Id.* (citation, alterations, and internal quotation marks omitted).

We evaluate Zenie's discrimination claim under the familiar burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Under this framework, Zenie must establish a prima facie case of discrimination. *See id.* If he does, Defendants have the burden of proving a legitimate, non-discriminatory reason for acting. *See id.* If they do, Zenie must show that age was the "but for" cause of the challenged adverse employment action. *See id.* at 107.

We assume without deciding that Zenie has established a prima facie case of age discrimination for the College's failure to promote him to Associate Director of Athletics. The College explains, however, that Zenie was not promoted because the Associate Director jobs that he wanted required that the candidate also coach basketball, which Zenie had never done. Given this gap, Zenie's credentials were not "so superior" to those of James Mooney, the candidate hired by the College, that "no reasonable person . . . could have chosen [Mooney] over [Zenie] for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001). And Zenie presents no evidence of comments about his age that would support an inference of discrimination. *See Terry v. Ashcroft*, 336 F.3d 128, 139 (2d Cir. 2003).

Zenie argues that the College could have paired the Associate Director position with a non-basketball coaching position. But because Zenie again presents no evidence that the College's pairing of these positions was pretext for discrimination, we must defer to the College's judgment. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (noting that "we do not sit as a

super-personnel department that reexamines an entity's business decisions" (citation and internal quotation marks omitted)); *cf. Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003) (noting in the Americans with Disabilities Act context that "a court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position" (alteration and citation omitted)).

Nor has Zenie shown that his job "was rendered so intolerable that [ ]he was compelled to quit." *Petrosino v. Bell Atl.*, 385 F.3d 210, 231 (2d Cir. 2004). Zenie has adduced evidence that his wrestling budget was severely cut, jeopardizing his ability to recruit; that he was not considered for a promotion; and that Kelli Bodrato, the College's Dean of Students, reported to Zenie concerns about his "performance and attitude," and described his comments as "harsh and counterproductive." But dissatisfaction with work assignments, reduced promotion opportunities, and criticism of one's work do not establish constructive discharge. *See id.* (reduced promotion opportunities); *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 361 (2d Cir. 1993) (dissatisfaction with assignments and criticism).

Zenie has also adduced evidence that Bodrato and Yeboah disparaged him to the College's President, Charles Flynn, and a senior administrator; that they requested that Mooney report on Zenie's behavior; and that they wrongly accused Zenie of interfering with the College's hiring and of "cantankerous" behavior. Because there is no evidence that Zenie was aware of these private comments prior to his September 5, 2017 resignation—and, indeed, Zenie's federal complaint in this case does not mention them— they could not have made Zenie's work conditions "intolerable." *Petrosino*, 385 F.3d at 231.

Finally, to establish a prima facie case of retaliation under the ADEA, Zenie must show "(1) [ ]he engaged in protected activity, (2) the [College] was aware of that activity, (3) [he] suffered a[ ] [materially] adverse . . . action, and (4) there was a causal connection between the protected activity and the [materially] adverse . . . action." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 43 (2d Cir. 2019). Zenie has not adduced evidence of the required causal connection. Specifically, he has not adduced evidence that Flynn, who decided to pair the Associate Director positions with the basketball coaching positions for which Zenie was not qualified, was aware of Zenie's internal complaint about age discrimination. Zenie points to Flynn's deposition testimony that Yeboah and Bodrato, who knew about the internal complaint, disparaged Zenie to Flynn. But Flynn testified that complaints about Zenie's performance pre-dated Zenie's internal complaint. Because these complaints and cuts to the wrestling team budget "began well before [Zenie] had ever engaged in

any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir.), *as amended* (June 6, 2001).[1]

## CONCLUSION

We have reviewed all of the arguments raised by Zenie on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 14, 2020 order and September 15, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We have considered Zenie's Local Rule 56.1 counterstatement of undisputed facts, and we assume without deciding that the documents attached to his counsel's declaration may be authenticated and admitted. We nonetheless hold that summary judgment was proper. Accordingly, we need not address Zenie's argument that the District Court abused its discretion in declining to consider these materials.